UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHAD LEE VONK,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 3:21-cv-00321-BLW<br>3:17-cr-00087-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Chad Lee Vonk's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. Civ. Dkt. 1; Crim. Dkt. 32. For the reasons explained below, the Court will summarily dismiss the motion.

## BACKGROUND

On March 13, 2017, law enforcement agents were dispatched to Mr. Vonk's grandparents' home at approximately 5:10 PM. Crim. Dkt. 24 at 4. Mr. Vonk's grandmother reported that Mr. Vonk had hit her and was now holding his girlfriend ("T.I.") at their home and would not let her go. Crim. Dkt. 24 at 4. She also relayed to agents that Mr. Vonk stated he would shoot law enforcement if they came to the home. Crim. Dkt. 24 at 4. Law enforcement agents took positions around the

home, and at approximately 7:30 PM, agents witnessed Mr. Vonk escort T.I. from the home to a motor home parked on the property. Crim. Dkt. 24 at 4. Mr. Vonk was seen carrying a shotgun or rifle over his shoulder. Crim. Dkt. 24 at 4. Several hours later, agents witnessed Mr. Vonk once again escorting T.I., but this time, Mr. Vonk held T.I. at gunpoint as they made their way to a large shop also located on the property. Crim. Dkt. 24 at 4. Shortly thereafter, Mr. Vonk escorted T.I. back to the motor home, and T.I. was seen carrying items that had been collected from the shop. Crim. Dkt. 24 at 4.

In the early morning hours of March 14, 2017, agents made contact with Mr. Vonk, who advised them that he would be letting T.I. go. Crim. Dkt. 24 at 5. At approximately 2:00 AM, T.I. exited the motor home and made her way to the law enforcement command post. Crim. Dkt. 24 at 5. There, T.I. reported that Mr. Vonk was attempting to make bombs using gun powder. Crim. Dkt. 24 at 5. Over the next nine hours, negotiators attempted to get Mr. Vonk to surrender willingly, but he refused to exit the motor home without a letter from a judge stating he would not be arrested. Crim. Dkt. 24 at 5. At 11:12 AM on March 14, 2017, agents deployed a series of flash bang grenades into the motor home, but Mr. Vonk still refused to surrender. Crim. Dkt. 24 at 5. Finally, agents deployed a gas round and Mr. Vonk exited the motor home to give himself up to authorities. Crim. Dkt. 24 at

MEMORANDUM DECISION AND ORDER - 2

5. Agents recovered three rifles, a shotgun, a handgun, and a box cutter from the motor home. Crim. Dkt. 24 at 5.

Following the standoff, both Mr. Vonk and T.I. were interviewed by law enforcement. Crim. Dkt. 24 at 5–6. Mr. Vonk reported that he and T.I. got into a fight, which led to his grandmother calling the police. Crim. Dkt. 24 at 5. He denied holding T.I. against her will and claimed she stayed with him to help him out. Crim. Dkt. 24 at 5. Mr. Vonk acknowledged that the gun powder he had in the motor home was for making a bomb and that the guns were to shoot anyone, including law enforcement, who came to "bug" him. Crim. Dkt. 24 at 5.

T.I., in her interview, reported that Mr. Vonk struck both her and his grandmother after accusing her of talking to another man. Crim. Dkt. 24 at 6. After Mr. Vonk began punching T.I. in the face, Mr. Vonk's grandmother attempted to intervene but was shoved to the ground. Crim. Dkt. 24 at 6. After law enforcement arrived, T.I. tried to leave but Mr. Vonk refused to let her. Crim. Dkt. 24 at 6. Mr. Vonk told T.I. he was not going to let her leave because she was his leverage. Crim. Dkt. 24 at 6. T.I. also reported that Mr. Vonk threatened her with a box cutter, and after she attempted to leave the motor home, Mr. Vonk shoved a cart against her waist so that she could not move. Crim. Dkt. 24 at 6.

Following the standoff with law enforcement, Mr. Vonk was charged with

**MEMORANDUM DECISION AND ORDER - 3**

Hostage Taking and Kidnapping. Crim. Dkt. 24 at 3. Mr. Vonk pled guilty to the

Hostage Taking charge without the benefit of a plea agreement, and the

Kidnapping charge was dismissed on the government's motion. Crim. Dkt. 24 at 3.

At sentencing, T.I.'s Victim Witness Statement was read to the Court. Crim. Dkt.

29 at 1. Mr. Vonk was ultimately sentenced to 120 months incarceration on the

Hostage Taking charge. Crim. Dkt. 30 at 2. Mr. Vonk was also sentenced to 120

months incarceration on a separate charge of Strangulation, which involved a

different incident several months prior to his standoff with law enforcement. Crim.

Dkt. 30 at 2. Mr. Vonk is currently serving both 120-month terms concurrently.

Crim. Dkt. 30 at 2.

Mr. Vonk has moved this Court to vacate his Hostage Taking conviction and

to set a new sentencing hearing for his Strangulation conviction pursuant to 28

U.S.C. § 2255. Civ. Dkt. 1; Crim. Dkt. 32. He alleges a claim of actual innocence[1]

---

[1] While Mr. Vonk's motion appears to present both a "freestanding" and "gateway" actual innocence claim, since Mr. Vonk cannot meet his lesser burden under the gateway standard, the Court will not address his freestanding claim. *See Carriger v. Stewart*, 132 F.3d 463, 476 (9th Cir. 1997) ("[A] habeas petitioner asserting a freestanding innocence claim must go beyond demonstrating doubt about his guilt, and must affirmatively prove that he is probably innocent."); *see also Jones v. Taylor*, 763 F.3d 1242, 1246 (9th Cir. 2014) ("We have not resolved whether a freestanding actual innocence claim is cognizable in a federal habeas corpus proceeding in the non-capital context, although we have assumed that such a claim is viable.").

and ineffective assistance of counsel.[2] Civ. Dkt. 1 at 1; Crim. Dkt. 32 at 1. Mr.

Vonk asserts that a victim's advocate for T.I. read her statement at sentencing,

which he claims stated that "she was never a hostage, was never in danger, wanted

all charges dropped, and was only with [Mr. Vonk] because she thought [Mr.

Vonk] was suicidal." Civ. Dkt. 1 at 1; Crim. Dkt. 32 at 1. Mr. Vonk further alleges

that this statement "is the only statement from the supposed victim on [his] charge

of hostage taking." Civ. Dkt. 1 at 1; Crim. Dkt. 32 at 1.

Mr. Vonk asserts that his § 2255 motion is timely because he is actually

innocent of the hostage taking charge, citing *McQuiggin v. Perkins*, 569 U.S. 383

(2013) and *Schlup v. Delo*, 513 U.S. 298 (1995). Civ. Dkt. 1 at 1–2; Crim. Dkt. 32

at 1–2. In essence, Mr. Vonk seeks exception from the one-year period of

---

[2] Mr. Vonk's ineffective assistance of counsel claim is tied to his actual innocence claim. He asserts that his trial counsel was ineffective because his attorney "bullied and scared [him] into signing a plea when there was not even a victim, no 'hostage' to go along with [his] plea." Civ. Dkt. 1 at 2; Crim. Dkt. 32 at 2. However, because this Court finds that Mr. Vonk's § 2255 motion is procedurally barred as untimely, there is no need to reach the merits of his ineffective assistance of counsel claim. Further, Mr. Vonk offers no argument that his ineffective assistance of counsel claim could equitably toll the statute of limitations applicable to his § 2255 motion. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (holding that ineffective assistance of counsel can equitably toll the statute of limitations in appropriate circumstances). Mr. Vonk, in his motion, does not assert or even suggest he has been pursuing his rights diligently, nor has he presented his ineffective assistance of counsel claim as an "extraordinary circumstance" that prevented him from timely filing his § 2255 motion under *Holland*, 560 U.S. at 649. Thus, Mr. Vonk's ineffective assistance of counsel claim is not relevant to the inquiry here: whether Mr. Vonk's § 2255 motion is procedurally barred as untimely.

limitation set out in 28 U.S.C. § 2255(f) because he claims the victim statement

read at his sentencing hearing shows he is innocent. *See* Civ. Dkt. 1 at 1–2; Crim.

Dkt. 32 at 1–2.

## LEGAL STANDARD

Under 28 U.S.C. § 2255(f), there is a one-year period of limitation to file a

collateral attack on a federal conviction that runs from the latest of four events:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by
> governmental action in violation of the Constitution or laws of the
> United States is removed, if the movant was prevented from making a
> motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the
> Supreme Court, if that right has been newly recognized by the Supreme
> Court and made retroactively applicable to cases on collateral review;
> or
> (4) the date on which the facts supporting the claim or claims presented
> could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). If a defendant does not seek direct appeal, a judgment of

conviction becomes final once the deadline for filing a notice of appeal has

expired. *U.S. v. Gilbert*, 807 F.3d 1197, 1199 (9th Cir. 2015) (citing *United States*

*v. Schwartz*, 274 F.3d 1220, 1223 & n.1 (9th Cir. 2001)).

In *McQuiggin v. Perkins*, the Supreme Court recognized an exception to the

one-year period of limitations for federal habeas review. 569 U.S. 383 (2013).

Under this exception, a petitioner "must present new evidence and 'show that it is

more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Pratt v. Filson*, 705 F. App'x 523, 525 (9th Cir. 2017) (quoting *Schlup*, 513 U.S. at 327). This standard is demanding and permits review only in the "extraordinary" case. *Schlup*, 513 U.S. at 327 (citation omitted).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge may summarily dismiss a § 2255 motion "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." "Under this standard, a district court may summarily dismiss a § 2255 motion only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *United States v. Withers*, 638 F.3d 1055, 1062–63 (9th Cir. 2011) (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)).

## ANALYSIS

### A.   Mr. Vonk's § 2255 motion is untimely under § 2255(f).

Under the period of limitation set out in § 2255(f), Mr. Vonk had until July 10, 2019 to timely file his § 2255 Motion. Because Mr. Vonk filed his Motion on August 9, 2021, Civ. Dkt. 1 at 1; Crim. Dkt. 32 at 1, it was not timely filed.

Pursuant to 28 U.S.C. § 2255(f), there is a one-year period of limitation to

file a collateral attack on a federal conviction that runs from the latest of four events. In Mr. Vonk's case, the deadline for filing his § 2255 motion is determined by § 2255(f)(1) because Mr. Vonk's Motion does not implicate any of the three other potential deadlines.[3] *See* Civ. Dkt. 1; Crim. Dkt. 32. Thus, the statutory period began to run on the date his judgment of conviction became final. Crim. Dkt. 30 at 1. Since Mr. Vonk did not pursue a direct appeal, the conviction became final for habeas purposes when the time for filing a direct appeal expired. *Gilbert*, 807 F.3d at 1199. Under Federal Rule of Appellate Procedure 4(b)(1), Mr. Vonk had 14 days to file his notice of appeal, or until July 10, 2018. Thus, the judgment of conviction against Mr. Vonk became final on July 10, 2018, and he had one year from this date to timely file a habeas petition under § 2255(f). Since Mr. Vonk filed his § 2255 motion over two years beyond this deadline, his motion is untimely.

> **B.   Mr. Vonk cannot avail himself of the actual innocence gateway, and his § 2255 motion is therefore procedurally barred as untimely.**

---

[3] Mr. Vonk does not allege the government impeded him from filing his motion under § 2255(f)(2). He also does not allege a newly recognized right, which would implicate § 2255(f)(3), nor does Mr. Vonk's motion rely on facts that could only have been discovered by the exercise of due diligence after his sentencing hearing under § 2255(f)(4). *See* Civ. Dkt. 1; Crim. Dkt. 32. Thus, § 2255(f)(1) controls because it is the latest deadline applicable in Mr. Vonk's case.

Mr. Vonk's actual innocence gateway claim fails because his claim is readily refuted by the record. To take advantage of the actual innocence exception, a movant must come forward with new reliable evidence that was not presented at trial. *Schlup*, 513 U.S. at 324. To pass through the actual innocence gateway a petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (citing *Schlup*, 513 U.S. at 327). If the evidence does not "give rise to a claim for relief or are palpably incredible or patently frivolous" the court may summarily dismiss the motion. *United States v. Withers*, 638 F.3d 1055, 1062–63 (9th Cir. 2011).

To support his claim of actual innocence, Mr. Vonk points to T.I.'s Victim Witness Statement, which was read in open court at his sentencing hearing. Mr. Vonk claims T.I., in her statement, explained that "she was never a hostage, was never in danger, wanted all charges dropped, and was only with [Mr. Vonk] because she thought [Mr. Vonk] was suicidal." Civ. Dkt. 1 at 1; Crim. Dkt. 32 at 1. Mr. Vonk further alleges that this statement "is the only statement from the supposed victim on [his] charge of hostage taking." Civ. Dkt. 1 at 1; Crim. Dkt. 32 at 1. In sum, Mr. Vonk asserts that this victim statement is sufficient to prove his actual innocence under the *Schlup* standard.

However, the record does not support Mr. Vonk's assertion of actual innocence. First, Mr. Vonk's assertion that T.I.'s victim impact statement is "the only statement from the supposed victim on [his] charge of hostage taking" is refuted by the record. As the Presentence Investigation Report reveals, T.I. was interviewed by law enforcement shortly after the incident with Mr. Vonk. In this interview, T.I. explains at several points that she was held against her will by Mr. Vonk. Crim. Dkt. 24 at 6. T.I. further explains that Mr. Vonk refused to let her go because she was "his leverage" and that when she attempted to leave the motor home he physically prevented her from doing so. Crim. Dkt. 24 at 6.

The record also reveals that T.I.'s victim statement, as presented in the PSR, does not resemble the statement Mr. Vonk alleges was read aloud at his sentencing hearing. *See* Crim. Dkt. 24 at 7–8. In this statement, T.I. explained that she was still deeply troubled by the incident with Mr. Vonk but had forgiven him since the incident. Crim. Dkt. 24 at 8. T.I. does not claim she was "never a hostage, was never in danger, [or] wanted all charges dropped" as Mr. Vonk asserts. Crim. Dkt. 24 at 8; Civ. Dkt. 1 at 1; Crim. Dkt. 32 at 1. Thus, even if this Court assumes the victim statement read on T.I.'s behalf at Mr. Vonk's sentencing materially differed from her statement presented in the PSR, Mr. Vonk's assertion that the former was "the only statement from the supposed victim on [his] charge of hostage taking" is

refuted by the record.

Mr. Vonk's actual innocence claim is also refuted by other evidence from the record. As the PSR notes, agents witnessed firsthand Mr. Vonk escorting T.I. at gunpoint during his hours-long standoff with law enforcement. Crim. Dkt. 24 at 4. Agents also negotiated with Mr. Vonk, who eventually advised agents that he would be "letting [T.I.] go." Crim. Dkt. 24 at 5. Mr. Vonk offers no explanation for these facts set out in the PSR, which he never objected to at or prior to his sentencing. Crim. Dkt. 29 at 1. Instead, Mr. Vonk offers only the bare, and incorrect, assertion that T.I.'s victim statement was the only statement from the victim in this case.

When viewed against the record, the allegations supporting Mr. Vonk's actual innocence gateway claim do "not give rise to a claim for relief or are palpably incredible or patently frivolous." *United States v. Withers*, 638 F.3d 1055, 1063 (9th Cir. 2011) (internal quotations and citation omitted). Unable to pass through the actual innocence gateway, Mr. Vonk's § 2255 motion is procedurally barred as untimely. Accordingly, his § 2255 motion is dismissed.

## ORDER

**IT IS ORDERED that:**

1.      Defendant's Motion to Vacate, Set Aside, or Correct Sentence

**MEMORANDUM DECISION AND ORDER - 11**

Pursuant to 28 U.S.C. § 2255 (Civ. Dkt. 1; Crim. Dkt. 32) is **DISMISSED**.

DATED: May 13, 2022

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 12**